

J. ALFREDO ARMAS
admitted to practice in Florida

FRANCESCO A. ZINCONE
admitted to practice in Florida

EDUARDO E. BERTRA
admitted to practice in

NATALIA MARRERO
admitted to practice in

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2022

January 27, 2022

**By ECF & E-mail**

Hon. Analisa Torres
United States District Judge, Southern District New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    *MSP Recovery Claims, Series LLC v. Amtrust Insurance Company*,
                Case No. 1:21-cv-01011-AT

Dear Judge Torres:

      Pursuant to § III(A) of your Honor's Individual Practices, the Parties jointly submit this letter in seeking to stay the case pending the resolution of *Aetna Life Insurance Company v. Guerrera*, Case. No. 20-3853, an appeal that is currently set for oral argument, before the U.S. Court of Appeals for the Second Circuit, on February 9, 2022. The resolution of the issues on appeal in *Guerrera* have the potential to be dispositive of this action.[1]

      Specifically, while the facts of this case and *Guerrera* differ, the plaintiff in this action – like the plaintiff in *Guerrera* – asserts a private cause of action under the Medicare Secondary Payer ("MSP") law, 42 U.S.C. § 1395y(b)(3)(A). The primary issue on appeal in *Guerrera* is whether Medicare Advantage Organizations ("MAOs") (such as the plaintiff in *Guerrera* and plaintiff's assignor in this action) have a federal right of action for reimbursement under the MSP law's private cause of action provision, 42 U.S.C. § 1395y(b)(3)(A). *Aetna Life Ins. Co. v. Guerrera*, Case No. 20-3853 at Dkt. 25 p. 1, Statement of Issues No. 1. Thus, *Guerrera* will decide the threshold issue of whether the cause of action asserted in this case is available to plaintiff, in the Second Circuit.

      Moreover, the Parties anticipate that in the course of resolving the threshold issue above, the Second Circuit may also clarify other aspects of the MSP law including: 1) what is required for a plaintiff to establish a primary plan's responsibility to pay as primary in the context of a voluntary settlement with a personal injury plaintiff; 2) whether and when a primary plan is required to reimburse an MAO for a payment the MAO considers a conditional payment pursuant to the MSP law; and 3) how a primary plan can satisfy its primary payment obligations under the MSP law when paying a settlement to a beneficiary.

---

[1] Defendants' Motion to Dismiss the Second Amended Complaint is fully briefed and pending before this Court. (Dkt. 75-80).

4960 SW 72nd Avenue, Suite 206
Miami, Florida 33155

Phone  (305) 461 - 5100
Fax     (786) 221 - 2903



The appeal in *Guerrera* is scheduled to be heard on February 9, 2022. *Id.* at Dkt. 99. Accordingly, a stay pending a ruling by the Second Circuit will not unreasonably delay this action and will conserve the Parties' and the Court's resources while the Second Circuit provides guidance that may impact this case. The Parties have conferred regarding certain discovery issues, and agree that motion practice, depositions, and the costs of trial should be avoided pending the Second Circuit's controlling ruling on threshold matters. Accordingly, the Parties believe that at this time, a stay of this case is appropriate.

Respectfully submitted,

/s/Francesco A. Zincone
Francesco A. Zincone
Counsel for Plaintiff

/s/ Christopher M. Assise
Christopher M. Assise
Counsel for Defendants

Cc:   All Counsel of Record *(Via CM/ECF)*

GRANTED. This case shall be STAYED until further order by the Court. The parties shall file a joint status letter within fourteen days after a decision in *Aetna Life Insurance Company v. Guerrera*, No. 20-3853, is issued updating the Court on the ramifications of the decision. The case management conference scheduled for February 17, 2022 is ADJOURNED *sine die*.

SO ORDERED.

Dated: February 1, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge